MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
FELIX FLORES and GUADALUPE
PALACIOS, *individually and on behalf of*
*others similarly situated,*

                           *Plaintiffs*,

               -against-

IMAMURA, INC. (D/B/A YAKITORI SUN-
CHAN) and TOKISHIGE IMAMURA,

                    *Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiffs Felix Flores and Guadalupe Palacios , individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Imamura, Inc. (d/b/a Yakitori Sun-Chan), ("Defendant Corporation") and Tokishige Imamura, ("Individual Defendant"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.     Plaintiffs are former employees of Defendants Imamura, Inc. (d/b/a Yakitori Sun-Chan) and Tokishige Imamura.

2.     Defendants own, operate, or control a Japanese Restaurant, located at 2707 Broadway, New York, NY 10025 under the name "Yakitori Sun-Chan".

3.      Upon information and belief, individual Defendant Tokishige Imamura, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as dishwashers, a delivery worker and a cook at the restaurant located at 2707 Broadway, New York, NY 10025.

5.      Plaintiff Flores was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to helping the cooks, dishwashing, sweeping, and food prepping (cutting vegetables) (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants employed and accounted for Plaintiff Flores as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.      Regardless, at all relevant times, Defendants paid Plaintiff Flores at a rate that was lower than the required tip-credit rate.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff Flores at the minimum wage rate and enabled them to pay them at the tip-credit rate (which they still failed to do).

12.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Japanese restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## **PARTIES**

*Plaintiffs*

18.      Plaintiff Felix Flores ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in New York County, New York.

19.      Plaintiff Flores was employed by Defendants at Yakitori Sun-Chan from approximately July 2017 until on or about April 1, 2020.

20.      Plaintiff Guadalupe Palacios ("Plaintiff Palacios" or "Mr. Palacios") is an adult individual residing in Bronx County, New York.

21.      Plaintiff Palacios was employed by Defendants at Yakitori Sun-Chan from approximately October 2016 until on or about March 15, 2020.

*Defendants*

22.      At all relevant times, Defendants owned, operated, or controlled a Japanese restaurant, located at 2707 Broadway, New York, NY 10025 under the name "Yakitori Sun-Chan".

23.      Upon information and belief, Imamura, Inc. (d/b/a Yakitori Sun-Chan) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2707 Broadway, New York, NY 10025.

24.      Defendant Tokishige Imamura is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Tokishige Imamura is

sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Tokishige Imamura possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate a Japanese restaurant located in the Bloomingdale neighborhood in the northern Upper West Side in Manhattan.

26.     Individual Defendant, Tokishige Imamura, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.    Upon information and belief, Individual Defendant Tokishige Imamura operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of his own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.     In each year from 2016 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

35.     Plaintiffs are former employees of Defendants who were employed as dishwashers, a cook and ostensibly as a delivery worker. However, the delivery worker spent over 20% of each shift performing the non-tipped duties described above.

36.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Felix Flores*

37.     Plaintiff Flores was employed by Defendants from approximately July 2017 until on or about April 1, 2020.

38.     Defendants employed Plaintiff Flores as a dishwasher and ostensibly as a delivery worker.

39.     However, Plaintiff Flores was also required to spend a significant portion of his work day performing the non-tipped duties described above.

40.     Although Plaintiff Flores ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

41.     Plaintiff Flores regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.     Plaintiff Flores's work duties required neither discretion nor independent judgment.

43.     Throughout his employment with Defendants, Plaintiff Flores regularly worked in excess of 40 hours per week.

44.     From approximately July 2017 until on or about April 1, 2020, Plaintiff Flores worked from approximately 4:30 p.m. until on or about 12:00 a.m. to 12:30 a.m., 6 days a week (typically 45 to 48 hours per week).

45.     Throughout his employment, Defendants paid Plaintiff Flores his wages in cash.

46.     From approximately July 2017 until on or about July 2019, Defendants paid Plaintiff Flores a fixed salary of $420 per week ($70 per day).

47.     From approximately August 2019 until on or about April 1, 2020, Defendants paid Plaintiff Flores a fixed salary of $510 per week ($85 per day).

48.     Plaintiff Flores's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49.     For example, Defendants required Plaintiff Flores to work an additional 30 minutes past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

50.     Defendants never granted Plaintiff Flores any breaks or meal periods of any kind.

51.     Plaintiff Flores was never notified by Defendants that his tips were being included as an offset for wages.

52.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Flores's wages.

53.    Plaintiff Flores was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

54.    Defendants took improper and illegal deductions from Plaintiff Flores's wages; specifically, on two occasions, Defendants deducted one hour three times a week from Plaintiff Flores' weekly wages for arriving 20 minutes late.

55.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

56.    Defendants did not provide Plaintiff Flores an accurate statement of wages, as required by NYLL 195(3).

57.    Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.    Defendants required Plaintiff Flores to purchase "tools of the trade" with his own funds—including two pairs of shoes per year and four kitchen hats.

*Plaintiff Guadalupe Palacios*

59.    Plaintiff Palacios was employed by Defendants from approximately October 2016 until on or about March 15, 2020.

60.    Defendants employed Plaintiff Palacios as a dishwasher and a cook.

61.    Plaintiff Palacios regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

62.    Plaintiff Palacios' work duties required neither discretion nor independent judgment.

63.    Throughout his employment with Defendants, Plaintiff Palacios regularly worked in excess of 40 hours per week.

64.    From approximately October 2016 until on or about March 15, 2020, Plaintiff Palacios worked from approximately 4:30 p.m. until on or about 12:00 a.m., 4 days a week and from approximately 4:30 p.m. until on or about 12:20 a.m., 2 days a week (typically 45 to 46.98 hours per week).

65.    Throughout his employment, Defendants paid Plaintiff Palacios his wages in cash.

66.    From approximately October 2016 until on or about September 2017, Defendants paid Plaintiff Palacios a fixed salary of $420 per week.

67.    From approximately September 2017 until on or about September 2018, Defendants paid Plaintiff Palacios a fixed salary of $480 per week.

68.    From approximately September 2018 until on or about September 2019, Defendants paid Plaintiff Palacios a fixed salary of $540 per week.

69.    From approximately September 2019 until on or about March 15, 2020, Defendants paid Plaintiff Palacios a fixed salary of $600 per week.

70.    Plaintiff Palacios' pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

71.    For example, Defendants required Plaintiff Palacios to work an additional 20 minutes past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

72.    Defendants never granted Plaintiff Palacios any breaks or meal periods of any kind.

73.     Plaintiff Palacios was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

74.     Defendants took improper and illegal deductions from Plaintiff Palacios' wages; specifically, Defendants deducted one hour three times a week from Plaintiff Palacios' weekly wages for arriving 20 minutes late.

75.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Palacios regarding overtime and wages under the FLSA and NYLL.

76.     Defendants did not provide Plaintiff Palacios an accurate statement of wages, as required by NYLL 195(3).

77.     Defendants did not give any notice to Plaintiff Palacios, in English and in Spanish (Plaintiff Palacios' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

78.     Defendants required Plaintiff Palacios to purchase "tools of the trade" with his own funds—including two pairs of shoes per year.

*Defendants' General Employment Practices*

79.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

80.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

81.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

82.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

83.     Defendants required Plaintiff Flores and all other delivery worker to perform general non-tipped tasks in addition to their primary duties as delivery worker.

84.     Plaintiff Flores and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

85.     Plaintiff Flores's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

86.     Plaintiff Flores and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

87.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Flores's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

88.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

89.     In violation of federal and state law as codified above, Defendants classified Plaintiff Flores and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

90.     Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

91.     Defendants failed to inform Plaintiffs who received tips, that their tips were being credited towards the payment of the minimum wage.

92.     Defendants failed to maintain a record of tips earned by Plaintiffs who worked as delivery workers for the tips they received.

93.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

94.     Defendants paid Plaintiffs their wages in cash.

95.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

96.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

97.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

98.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

99.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

100.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

101.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

102.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

103.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

106.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

107.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

108.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable

minimum hourly rate, in violation of 29 U.S.C. § 206(a).

109.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

110.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

113.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

114.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

117.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

118.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

119.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

122.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

123.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

124.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

126.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

127.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

128.     With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

129.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

130.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

132.    Plaintiffs were damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

133.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

134.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

135.    Defendants made unlawful deductions from Plaintiffs' wages; specifically, Defendants deducted one hour three times a week from Plaintiffs weekly wages for arriving 20 minutes late.

136.    The deductions made from Plaintiffs' wages were not authorized or required by law.

137.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(l)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

September 2, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
          Michael Faillace [MF-8436]
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620
          *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                         Facsimile: (212) 317-1620

————

Faillace@employmentcompliance.com

July 9, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              <u>Felix Flores</u>

Legal Representative / Abogado:    <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:

Date / Fecha:              <u>9 de Julio de 2020</u>

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                                    Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

July 9, 2020

BY ELECTRONIC SIGNATURE

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                              Guadalupe Palacios

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              9 de Julio de 2020

*Certified as a minority-owned business in the State of New York*